**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINA SAJOR-REEDER, | No. 14-55021 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-05701 VAP (FFM) |
| v. | |
| J. CAVAZOS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted May 5, 2015
Pasadena, California

Before: LIPEZ,[**] WARDLAW, and MURGUIA, Circuit Judges.

Christina Sajor-Reeder appeals the district court's denial of her 28 U.S.C.

§ 2254 petition for habeas relief. We have jurisdiction pursuant to 28 U.S.C.

§§ 1291 and 2253(a). Because the last-reasoned decision of the state court, that of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kermit V. Lipez, Senior Circuit Judge for the First Circuit, sitting by designation.

the California Court of Appeal for the Second District, was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent, we affirm.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100–02 (2011).

1. The only certified issue is whether the state court reasonably determined that sufficient evidence of implied malice supported Sajor-Reeder's second-degree murder conviction.  Under California law, malice may be implied from committing "an act, the natural consequences of which are dangerous to life;" with knowing endangerment of others' lives; and deliberate action with "conscious disregard for life."  *People v. Nieto Benitez*, 840 P.2d 969, 975 (Cal. 1992).

First, the California Court of Appeal reasonably concluded that a jury could have found that Sajor-Reeder committed an "act, the natural consequences of which are dangerous to life."  *Id.*  The state court reasonably determined that Sajor-Reeder drove her car more than fifty miles per hour on residential streets, without watching the road and while screaming and waving her right hand in the air. Further, when Sajor-Reeder approached the intersection where the victim's car was stopped at a red light, she did not stop or slow down and violently crashed into the victim's car, killing the passenger and seriously injuring the driver.

Second, the California Court of Appeal reasonably concluded that a jury could have found that Sajor-Reeder knew her actions endangered the lives of others. The court reasonably relied upon Sajor-Reeder's trial testimony that she knew speeding and driving through red lights was dangerous to human life, and the fact that four years prior to the charged incident Sajor-Reeder was involved in a car chase where she evaded police, drove through several red lights, and nearly collided with multiple vehicles. After the chase she was told by an officer that she had put others' lives in danger. As the Court of Appeal reasonably concluded, the jury could have inferred that this prior reckless driving incident "sensitize[d] [Sajor-Reeder] to the dangerousness of such life-threatening conduct." *People v. Ortiz*, 134 Cal. Rptr. 2d 467, 473 (Cal. Ct. App. 2003).

Third, the California Court of Appeal reasonably concluded that a jury could have found that Sajor-Reeder acted "deliberately" and with "conscious disregard for life." *Nieto Benitez*, 840 P.2d at 975, 977–78. Sajor-Reeder knew that reckless driving was life threatening from her prior misconduct and, as the Court of Appeal reasoned, a jury could find that her persistence in that behavior evidenced a "wanton disregard for human life." *Ortiz*, 134 Cal. Rptr. 2d at 471. In addition, the record reflected Sajor-Reeder's lack of interest in the fate of the passengers after the accident, and a continued effort to harm her child. The California Court

3

of Appeal also reasonably determined that record evidence, including the testimony of her own expert, Dr. Hirsch, supported the conclusion that Sajor-Reeder's manic symptoms did not prevent her from being conscious of her actions.

2. We decline to expand the certificate of appealability to include Sajor-Reeder's uncertified claim that the California Court of Appeal's decision was based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2). Sajor-Reeder has not made a "substantial showing of the denial of a constitutional right." *Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014) (quoting 28 U.S.C. § 2253(c)(2)).

**AFFIRMED.**